IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. MJM-24-352 |
| NICHOLAS PARKS, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| ***** | | |

## MOTION TO EXCLUDE TIME
## PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, through undersigned counsel, hereby moves to exclude time from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h).

1. On December 4, 2024, the Grand Jury returned an Indictment charging the Defendant, Nicholas Parks, with one count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count One).

2. The Defendant had an initial appearance in the Central District of California on December 19, 2024. He had his initial appearance in this district on January 10, 2025.

3. Since Mr. Parks's initial appearance, the Government has made an initial production of discovery materials to the Defendant and has been in discussion with counsel to arrange for the viewing of additional discovery and further production. Given that this case involves allegations of money laundering, discovery will include voluminous financial records and other material that counsel will need time to review. The parties are also discussing the possibility of resolving the case with a plea agreement.

4. Under the Speedy Trial Act, specifically 18 U.S.C. § 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer.

5. Periods of delay which would extend the time within which trial should commence include "[a]ny period of delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1). Although § 3161(h)(1) enumerates specific excludable proceedings, the list is not exhaustive, and has been interpreted to include a number of different proceedings and events concerning a defendant. The U.S. Court of Appeals for the Fourth Circuit has interpreted "other proceedings" to include plea negotiations. *U.S. v. Keita*, 742 F.3d 164, 188 (4th Cir. 2014). Thus, the period during which the parties engage in plea discussions is excludable from the Speedy Trial calculation under § 3161(h)(1). Other proceedings excludable from time calculations under the Speedy Trial Act include delay resulting from pretrial motions, including this motion. *See* 18 U.S.C. § 3161(h)(1)(D).

6. Other periods of delay that would extend the time within which trial should commence include delay resulting from a continuance of the trial date beyond the seventy-day speedy trial date, if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Factors which the Court must find applicable in order to make this finding are listed in § 3161(h)(7)(B) and include the following:

   a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

   b. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the

attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. The Government respectfully submits that the above factors are applicable to this prosecution and justify the tolling of speedy trial for 90 days. Taking into account the exercise of due diligence, the failure to grant a continuance would deny counsel for the parties the reasonable time necessary for effective preparation of pretrial motions and any responses thereto, and for effective preparation for trial. The requested exclusion of time will also provide time for the parties to continue discussions of a potential resolution of the case short of trial. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendants in a speedy trial.

8. The Government has contacted counsel for the Defendant, who consents to the relief requested herein.

Wherefore, the Government requests that this Court enter an Order excluding time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1) and (7), for the period from January 22, 2025 through April 22, 2025, inclusive.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/_____
Alexander Levin
Anatoly Smolkin
Assistant United States Attorneys